UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MAURICE JONES<br>　　　　Plaintiff,<br><br>v.<br><br>US BANK NATIONAL ASSOCIATION;<br>et al.,<br><br>　　　　Defendants. | 2:11-cv-1427-LRH-CWH<br><br>ORDER |

Before the court are defendant US Bank National Association ("US Bank") motion to dismiss (Doc. #6[1]) and motion to expunge lis pendens (Doc. #7). Plaintiff Maurice Jones ("Jones") did not file an opposition.

In September 2003, original borrower, non-party Craig Hatori ("Hatori"), purchased real property through a mortgage note and deed of trust. Hatori defaulted on the property and defendants initiated non-judicial foreclosure proceedings in early 2010. On May 3, 2010, Hatori transferred his interest in the property to Jones through a deed of trust in order to stop the pending foreclosure.

Subsequently, Jones filed a complaint against defendants alleging four causes of action: (1) wrongful foreclosure; (2) fraud; (3) breach of the implied covenants of good faith and fair dealing; and (4) declaratory relief. Thereafter, US Bank filed the present motions to dismiss and to

---

[1] Refers to the court's docket number.

expunge lis pendens to which Jones did not respond. Doc. ##6, 7.

While the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion under LR 7-2(d), Jones's failure to file an opposition, in and of itself, is an insufficient ground for dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before dismissing a case, a district court is required to weigh several factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and (5) the availability of less dramatic sanctions. *Id*.

Here, these factors weigh in favor of dismissal. The need for the expeditious resolution of cases on the court's docket is strong. US Bank has an interest in resolving this matter in a timely manner. Further, there is a lack of prejudice to the plaintiff because Jones has shown an unwillingness to continue litigating his complaint which weighs in favor of granting the motion. Additionally, although public policy favors a resolution on the merits, the court finds that dismissal is warranted in light of these other considerations.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #6) is GRANTED. Plaintiff's complaint (Doc. #1, Exhibit A) is DISMISSED in its entirety.

IT IS FURTHER ORDERED that defendant's motion to expunge lis pendens (Doc. #7) is GRANTED. Defendant US Bank National Association shall have ten (10) days after entry of this order to prepare an appropriate order expunging lis pendens and submit the same for signature.

IT IS SO ORDERED.

DATED this 4th day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE